THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALLACE G. GARLAND, Appellant.

First Department, May 4, 1934.

*Joseph A. Shay* of counsel [*Friend & Shay*, attorneys], for the appellant.

*Oscar L. Spears* of counsel [*Ambrose V. McCall* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

UNTERMYER, J. The defendant has been convicted of the violation of section 352 of article 23-A of the General Business Law in failing without reasonable cause to produce, pursuant to subpœna, certain books and records of the Public Service Holding Corporation, of which he was the president. The subpœna was directed to the defendant individually and not as an officer of the Public Service Holding Corporation. The Public Service Holding Corporation is organized under the laws of Delaware. It has never filed a certificate authorizing it to do business in this State. It maintains its principal office in the city of Wilmington, Del., but it also main-

tains an office in New Haven, Conn. All its records are either in Wilmington or New Haven. By the subpœna the defendant was required to produce these records at an inquiry to be held by the Attorney-General on September 18, 1933, concerning the sale of stock of the Public Service Holding Corporation within the State of New York. On that date the defendant appeared pursuant to the subpœna and requested an adjournment to September twentieth in order to arrange for the production of the records, none of which were within the State. On the adjourned date he appeared, but failed to produce the records.

At the trial the defendant testified without contradiction that after service of the subpœna he had consulted the board of directors of the corporation with respect to the production of these books and that the board considered that it would seriously interrupt the business of the corporation if its books were withheld for any considerable time. The board had, therefore, refused to authorize the defendant to remove the books and records to this State, unless advised as to the length of time that they would be retained. Not only was the defendant's testimony not contradicted in this respect, but it is evident that the court believed this testimony, for immediately before finding the defendant guilty it formulated the issue to be determined as follows: " The Court is confronted, if I understand the testimony, with the question — I want to be correct with this proposition — Is 'the defendant excused from producing those books of the corporation by reason of the action of the board of directors, as testified to by him? " In finding the defendant guilty, the court answered that question in the negative.

We are not in accord with the court below in its disposition of this question of law. The records which the defendant was subpœnaed to produce were not the defendant's property. They were the property of the corporation of which he was the president. The defendant would have had no right against the opposition of those who, by law, were entitled to control their custody, to remove corporate records from the States of Delaware and Connecticut in order to deliver them into the State of New York. To hold that he was guilty of violating the statute in failing to do this would imply that he was required to purloin these records in other jurisdictions in order to bring them here. If the defendant had been instrumental in inducing the directors of the Public Service Holding Corporation to refuse their consent to the production of the books, a different question would be presented here. The record, however, contains no evidence of this. The action, therefore, of the directors of this foreign corporation in refusing

to permit the production of records not within the jurisdiction of this State constituted a complete justification to the defendant for his failure to produce them.

The judgment should be reversed, the information dismissed, and the fine remitted.

MERRELL, TOWNLEY and GLENNON, JJ., concur; FINCH, P. J., dissents and votes for affirmance.

FINCH, P. J. (dissenting). I dissent and vote to affirm.

There is sufficient in this record amply to sustain the conviction of appellant under section 352 of article 23-A of the General Business Law, and the justices of the Court of Special Sessions of the City of New York were correct in so holding.

Under section 352 the Attorney-General is empowered not only to subpœna witnesses and compel their attendance, but also to require the production of any books or papers which he deems relevant or necessary to the inquiry. If a person subpœnaed to produce the books or papers fails without reasonable cause when ordered so to do by the officer conducting such inquiry, he shall be guilty of a misdemeanor. The case at bar presented to the court a flagrant violation of this section in that this defendant repeatedly and willfully failed without reasonable cause to produce the books and records pursuant to the command of the subpœna.

This case presented but a simple issue of fact, namely, whether there was reasonable cause for the refusal of the defendant to produce the corporate books. The triers of the facts have found against the defendant, and their finding cannot be said to be against the weight of the evidence. The books, moreover, were produced after the conviction of the defendant, thus showing unmistakably that they could have been produced before. The appellant urges that his refusal was in good faith and that this should have been so held by the trial court. It appears, however, in this record that the appellant originally gave as an excuse that the books had not been sent to him and later the palpably false testimony that he did not know where they were. Later he testified that the board of directors had refused to allow him to obey the mandate of the subpœna, thus showing that his first excuse was false. The trial court under these circumstances was justified in rejecting the excuse offered by defendant, namely, that his board of directors would not authorize the production of the books " until we can get more information as to the length of time the books would be held and until they had counsel look into the matter." Whether defendant acted in good faith presented a question of fact and not one of law, and this court should be very reluctant to override

the determination of the trial court, particularly under present conditions when it is so necessary that the law-enforcing agencies should not be impeded by technicalities. If, when the record contains evidence of the bad faith of the defendant, it becomes possible for him to avoid production of the books because he testified that the directors of his corporation refused to permit such production, and this court is to hold that the testimony of the defendant as a matter of law is sufficient to excuse the production of such books, then prosecutions by the Attorney-General of fraudulent practices will be seriously impeded.

The judgment appealed from convicting the defendant should be affirmed.

Judgment reversed, the information dismissed and the fine of $500 remitted.